(84 South. 714)

GULF EXPORT CO. v. PEOPLE'S BANK OF MOBILE.   (1 Div. 101.)

(Supreme Court of Alabama.   Dec. 18, 1919.)

1. BILLS AND NOTES �kö—473—PLEA THAT ACCEPTANCE OF BILL WAS ON CONDITION WHICH HAD NOT BEEN FULFILLED HELD GOOD AS AGAINST DEMURRER.

In an action on an accepted bill of exchange, where the acceptance recited that it was "subject to collection from the Italian government on recharter and proportionate expenses on collection thereof," special pleas that the acceptance was conditional, and that collection had never been made by defendant from the Italian government, or to any one authorized by defendant to receive the money, *held* to set up a good defense as against demurrer.

2. BILLS AND NOTES �kö—83—CONDITIONAL ACCEPTANCE OF BILL HELD NOT VOID ON FACE FOR UNCERTAINTY.

Where a bill of exchange was accepted, "subject to collection from the Italian government on recharter and proportionate expenses on collection thereof," such conditional acceptance was not void on its face for uncertainty.

3. BILLS AND NOTES ⊙ö—164, 462(2)—CONDITIONALLY ACCEPTED BILL OF EXCHANGE NONNEGOTIABLE; CONDITION OF ACCEPTANCE AND COMPLIANCE THEREWITH MUST BE ALLEGED.

Where a bill of exchange has been accepted conditionally, it is a nonnegotiable instrument; and in an action against the drawee on his acceptance, the condition should be set out in the complaint, and a compliance therewith alleged.

4. BILLS AND NOTES ⊙ö—489(5)—NONCOMPLIANCE WITH CONDITIONAL ACCEPTANCE MAY BE PRESENTED UNDER GENERAL ISSUE.

Where, in an action on an accepted bill of exchange, plaintiff sets out the condition of the acceptance and a compliance therewith, the defense that the acceptance was conditional, and that the condition had not been complied with, may be presented under the general issue.

5. APPEAL AND ERROR ⊙ö—1040(6)—PLAINTIFF, NOT ALLEGING THAT ACCEPTANCE WAS CONDITIONAL, CANNOT ON APPEAL ASSERT THAT DEFENDANT COULD HAVE PRESENTED HIS DEFENSE UNDER THE GENERAL ISSUE.

Where plaintiff, in a suit on an accepted bill of exchange, has failed to allege that the acceptance was conditional and that the condition had been complied with, and defendant has by special plea set up a nonfulfillment of the condition, plaintiff cannot on appeal say that sustaining demurrer to plea was error without injury, in that the defense could have been presented under a plea of the general issue.

Appeal from Circuit Court, Mobile County; Joel W. Golsby, Judge.

Action by the People's Bank of Mobile against W. H. Martin, doing business under the name of the Gulf Export Company, on an accepted bill of exchange. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Suit by appellee against W. H. Martin (as amended during trial), doing business under the name of Gulf Export Company, on the acceptance of a bill of exchange; said suit resulting in a judgment for the plaintiff, from which the defendant prosecutes this appeal.

The complaint contains only one count, claiming the sum of $5,000 due on a bill of exchange drawn by one B. T. Barret upon the Gulf Export Company, payable to plaintiff, and accepted by said Gulf Export Company, which bill—with interest—is due and unpaid. The defendant, Martin, filed plea of general issue and special pleas 2 and 3, setting up that said bill of exchange was accepted conditionally only, which condition was written on the margin of the bill of exchange, as follows: "Accepted subject to collection from Italian government on recharter and proportionate expenses on collection thereof"—and that said condition had not been complied with. Demurrer was interposed to these pleas upon the ground that they do not deny that the draft had been paid to some one authorized by the Gulf Export Company to receive the money. The demurrer was sustained, and the pleas were subsequently amended by adding the following:

"And defendants deny that the said draft has been paid, and further deny that the said draft has ever been paid to any one authorized by the Gulf Export Company to receive the money."

The demurrer interposed to the amended pleas was also sustained. Proof was offered by the plaintiff, but the defendant offered no testimony.

Alex T. Howard, of Mobile, for appellant. Counsel discuss assignment of error, but without citation of authority.

---

⊙ö=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Inge & Kilborn, of Mobile, for appellee. Counsel discuss assignment of error, but without citation of authority.

GARDNER, J. [1] Appellee, plaintiff in the court below, brought suit upon a bill of exchange in Code form, and to the complaint, as framed, no demurrer was interposed, as it was entirely sufficient. The defendant interposed special pleas, setting up that the acceptance was conditional (the condition being quoted in the statement of the case), and that the condition had not been complied with, in that the collection has never been made by the defendant from the Italian government as contemplated in the conditional acceptance, or, as amended, "to any one authorized by the Gulf Export Company to receive the money." The amendment to these pleas met the objections first interposed to original pleas 2 and 3, and we are of the opinion that these pleas, as last amended, set up a good defense, and were not subject to the demurrer interposed thereto.

[2] The condition does not appear on its face to be void for uncertainty, as contended by counsel for appellee, whatever may be said as to any ambiguity therein subject to explanation by proper proof. But it is insisted, conceding the sufficiency of these pleas, the ruling of the court in sustaining the demurrer thereto was error without injury, for that the matters therein set up were available to the defendant upon the plea of general issue.

[3-5] The plaintiff brought suit as upon a negotiable instrument, but the bill of exchange as a matter of fact was accepted conditionally, and was therefore a nonnegotiable instrument. The condition should have been set out in the complaint, and a compliance therewith alleged by the plaintiff. Caulfield v. Finnegan, 114 Ala. 39, 21 South. 484; 2 Mayf. 460; 8 Corp. Jur. 865, 866. Had the plaintiff complied with this rule, the defense sought to be interposed by the pleas could have been presented under the general issue; but, not having done so, the defendant set up this defense by special pleas, and the plaintiff is not in position to now say the defense could have otherwise been presented.

There are a few other questions presented by the record, which are closely allied to the one just treated, and therefore do not need separate consideration.

For the error of the court below in sustaining the demurrer to the special pleas as amended, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.